UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| COREY WILSON, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | CV421-088 |
| | ) | CR418-031 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Corey Wilson was found guilty of one count of possession of cocaine with intent to distribute. *See* doc. 112 at 1.[1] He was sentenced to 70 months of incarceration and six years of supervised release. *Id.* at 2-3. He appealed his conviction and the Court of Appeals affirmed. *See* doc. 176. His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because he was tried in prison garb and he was denied his right to self-representation when he was removed from the courtroom. Doc. 175 at 4-6. As explained below, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings,

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR418-031.

shows that his motion should be **DISMISSED without prejudice**. Doc. 175.

The Court of Appeals opinion affirming his conviction and sentence is dated April 19, 2021. *See* doc. 176 at 1-2. Wilson signature filed the instant motion on March 21, 2021. *See* doc. 175 at 12; *see also, e.g., Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009) (under the prison mailbox rule, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."). Wilson's motion was, therefore, filed before the Court of Appeals' decision.[2] It is also clear that Wilson's judgment of conviction was not final when he filed his motion. *See* Sup. Ct. R. 13 (providing ninety-day period to petition for certiorari); *see also, e.g., Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a prisoner does *not* petition for certiorari, his conviction does not become 'final' . . . until the expiration of the 90-day period for seeking certiorari.").

---

[2] Wilson's motion expressly alleges that his conviction and sentence were "affirmed," citing the appropriate Court of Appeals docket number. *Compare* doc. 175 at 2, *with* doc. 176 at 1. It is not clear what basis Wilson had to allege that his conviction was affirmed. The Court can only speculate that his allegation was an anticipation of the Court of Appeals' decision based on his appointed counsel's filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

The Eleventh Circuit has held that "[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990); *see also United States v. Casaran-Rivas*, 311 F. App'x 269, 272-73 (11th Cir. 2009) ("[T]his and other Circuits have held that, absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief."). The Court of Appeals has instructed that "[t]he appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 motion without prejudice." *Blair v. United States*, 527 F. App'x 838, 839 (11th Cir. 2013). Despite the fact that the judgment is now final, the same principles warrant dismissal of Wilson's premature petition. *See, e.g., Johnson v. United States*, 2019 WL 5580004, at *2 (S.D. Fla. Sept. 20, 2019) (recommending dismissal of a motion filed sixteen days before the judgment became final), *adopted* 2019 WL 5577919 (S.D. Fla. Oct. 29, 2019).[3]

---

[3] As the court noted in *Johnson*, "[s]hould Movant decide to pursue collateral relief, the next § 2255 motion submitted by Movant shall not be second or successive. *See Casaran-Rivas*, 311 F. App'x at 274. However, Movant is cautioned that his claims

3

For these reasons, it is **RECOMMENDED** that Wilson's § 2255 motion be **DISMISSED without prejudice**, doc. 175, and that civil action CV421-088 be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

---

should be filed within the limitations period outlined in 28 U.S.C. § 2255(f)." 2019 WL 5580004, at *2.

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA